UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION

CIVIL ACTION NO. 4:08-CV-00046-JHM

MARK BOGER                                                                                    PLAINTIFF

V.

CITY OF LEITCHFIELD, KENTUCKY, et. al.                                          DEFENDANTS

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendant Grayson County, Kentucky's Motion for Summary Judgment [DN 45], Defendants Juanita Decker and Mark Decker's Motion for Summary Judgment [DN 48], and Defendant City of Leitchfield, Kentucky's Motion for Summary Judgment [DN 49]. Fully briefed, these matters are ripe for decision. For the following reasons, the Court **GRANTS** the Defendants' motions for summary judgment.

### I. STANDARD OF REVIEW

Before the Court may grant a motion for summary judgment, it must find that there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The moving party bears the initial burden of specifying the basis for its motion and of identifying that portion of the record which demonstrates the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). Once the moving party satisfies this burden, the non-moving party thereafter must produce specific facts demonstrating a genuine issue of fact for trial. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986).

Although the Court must review the evidence in the light most favorable to the non-moving party, the non-moving party is required to do more than simply show there is some "metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586

(1986). The rule requires the non-moving party to present specific facts showing that a genuine factual issue exists by "citing to particular parts of materials in the record" or by " showing that the materials cited do not establish the absence . . . of a genuine dispute[.]" Fed. R. Civ. P. 56(c)(1). "The mere existence of a scintilla of evidence in support of the [non-moving party's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [non-moving party]." Anderson, 477 U.S. at 252.

## II. BACKGROUND

Plaintiff Mark Boger was incarcerated in the Grayson County Detention Center ("GCDC") in 2006 when he was allowed to participate in the GCDC work release program. Plaintiff's work release consisted of riding on the back of a garbage truck, owned and operated by the city of Leitchfield, and placing garbage into the truck. On February 1, 2006, Plaintiff was riding on the back of a garbage truck when the driver of the garbage truck signaled for him to jump down and grab some garbage bags. Plaintiff looked toward the front of the truck, the back of the truck, and again toward the front of the truck and seeing no other vehicles jumped down and began crossing the street.

As he walked out from behind the garbage truck, Plaintiff was struck by a vehicle that was being operated by Juanita Decker suffering various injuries. Immediately after being struck, Plaintiff was transported to Twin Lakes Regional Medical Center where he was treated in the emergency room and underwent several different diagnostic tests. Plaintiff was diagnosed with multiple contusions and abrasions, prescribed hydrocodone for pain, and then released. Plaintiff received various other treatments from personnel at the Twin Lakes facilities as well as at the GCDC over the next eight months, including anti-inflammatory medication, physical therapy, and a

prescribed knee brace. Plaintiff was eventually discharged from the GCDC on October 18, 2006.

On April 16, 2008, Plaintiff filed the instant action against the City of Leitchfield, Grayson County, Juanita and Mark Decker, and the Decker's insurance company AIG/Granite State Insurance Company.

### III. DISCUSSION

Defendants each argue that the claims brought against them are barred by the applicable statute of limitations. The Court has interpreted Plaintiff's original *pro se* Complaint as alleging claims under 42 U.S.C. § 1983 against City of Leitchfield and Grayson County. In actions commenced under § 1983, federal courts "borrow" the personal injury limitations period of the forum state. Wilson v. Garcia, 471 U.S. 261, 280 (1985). It is well settled that in Kentucky, that limitations period is one year. Collard v. Ky. Bd. of Nursing, 896 F.2d 179, 182 (6th Cir. 1990) ("we conclude that section 1983 actions in Kentucky are limited by the one-year statute of limitations found in [KRS] 413.140(1)(a).").

While the limitations period for § 1983 actions is established by state law, "federal law governs the question of when that limitations period begins to run." Collard, 896 F.2d at 183. The Sixth Circuit has held that "the statute of limitations begins to run when the plaintiff knows or has reason to know of the injury which is the basis of his action and that a plaintiff has reason to know of his injury when he should have discovered it through the exercise of reasonable diligence." Id. (quoting McCune v. City of Grand Rapids, 842 F.2d 903, 905 (6th Cir. 1988)).

Plaintiff has asserted claims against the City of Leitchfield and Grayson County for each Defendant's respective failure to train him prior to placing him on the trash truck to work. The record demonstrates that Plaintiff was injured due to the alleged lack of training on February 1,

3

2006. Plaintiff's injury was known to him on that date as was his cause of action. Therefore, Plaintiff's claims based on the City of Leitchfield's and Grayson County's failure to properly train him began to run February 1, 2006. As Plaintiff did not file the instant lawsuit until April 16, 2008, his failure to train claims are barred by the one year statute of limitations.

Plaintiff has asserted a claim against Grayson County for inadequate medical treatment as well. The record demonstrates that Plaintiff received treatment for his injury while incarcerated at the GCDC from February 1, 2006, through October 18, 2006, when he was discharged from the GCDC. The latest date that Plaintiff can claim that he was denied adequate medical care by Grayson County would be October 18, 2006. Therefore, Plaintiff's claim against Grayson County for denial of medical care is also barred by the one year statute of limitations.

Plaintiff has also asserted a claim against Juanita Decker, the driver of the vehicle that struck him, and Mark Decker, the owner of the vehicle. The parties agree that the Kentucky Motor Vehicle Reparations Act ("MVRA") applies to this action because Plaintiff was injured by a motor vehicle in the Commonwealth of Kentucky. The MVRA provides that "[a]n action for tort liability not abolished by K.R.S. § 304.39-060 may be commenced not later than two (2) years after the injury, or the death, or the last basic or added reparation payment made by any reparation obligor, whichever later occurs." Ky. Rev. Stat. Ann. § 304.39-230(6). Plaintiff's injury occurred on February 1, 2006, and Plaintiff has failed to argue or identify any evidence in the record that he received any basic or added reparations as a result of the injury. Because Plaintiff received no basic or added reparations and his injury occurred more than two years before he filed this action on April

4

16, 2008, the Court finds that it is barred by the statute of limitations.[1]

## IV. CONCLUSION

For the reasons set forth above, **IT IS HEREBY ORDERED** that Defendant Grayson County, Kentucky's Motion for Summary Judgment [DN 45] is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendants Juanita Decker and Mark Decker's Motion for Summary Judgment [DN 48] is **GRANTED**.

**FURTHER** that Defendant City of Leitchfield, Kentucky's Motion for Summary Judgment [DN 49] is **GRANTED**.

cc: counsel of record

---

[1] To the extent Plaintiff may argue that he has alleged state law claims against Defendants City of Leitchfield and Grayson County, the Court finds that they too would be barred by the two year statute of limitations under the MVRA.